**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

MEMO ENDORS[ED]

AMERICAS: NEW YORK, SAN FRANCISCO, SÃO PAULO, SILICON VALLEY, WASHINGTON, D.C.
ASIA: BEIJING, HONG KONG, SEOUL
EUROPE & MIDDLE EAST: ABU DHABI, BRUSSELS, COLOGNE, FRANKFURT, LONDON, MILAN, PARIS, ROME

CRAIG B. BROD, RICHARD J. COOPER, JEFFREY S. LEWIS, PAUL J. SHIM, STEVEN L. WILNER, DAVID C. LOPEZ, MICHAEL A. GERSTENZANG, LEV L. DASSIN, DAVID H. BOTTER, JORGE U. JUANTORENA, DAVID LEINWAND, JEFFREY A. ROSENTHAL, MICHAEL D. DAYAN, CARMINE D. BOCCUZZI, JR., JEFFREY D. KARPF, FRANCISCO L. CESTERO, FRANCESCA L. ODELL, WILLIAM L. MCRAE, JASON FACTOR, JOON H. KIM, ALAN M. LEVINE, MARGARET S. PEPONIS, LISA M. SCHWEITZER, JUAN G. GIRÁLDEZ, DUANE MCLAUGHLIN, CHANTAL E. KORDULA, BENET J. O'REILLY, ADAM E. FLEISHER, SEAN A. O'NEAL, GLENN P. MCGRORY, DEBORAH NORTH, MATTHEW P. SALERNO, MICHAEL J. ALBANO, VICTOR L. HOU, ROGER A. COOPER, LILLIAN TSU, AMY R. SHAPIRO, JENNIFER KENNEDY PARK, ELIZABETH LENAS, LUKE A. BAREFOOT, JONATHAN S. KOLODNER, DANIEL ILAN, MEYER H. FEDIDA, ADRIAN R. LEIPSIC, ELIZABETH VICENS, ADAM J. BRENNEMAN, ARI D. MACKINNON, JAMES E. LANGSTON, JARED GERBER, RISHI ZUTSHI, JANE VANLARE, AUDRY X. CASUSOL, ELIZABETH DYER, DAVID H. HERRINGTON, KIMBERLY R. SPOERRI, AARON J. MEYERS, DANIEL C. REYNOLDS, ABENA A. MAINOO, HUGH C. CONROY, JR., JOHN A. KUPIEC, JOSEPH LANZKRON, MAURICE R. GINDI, KATHERINE R. REAVES, RAHUL MUKHI, ELANA S. BRONSON, MANUEL SILVA, KYLE A. HARRIS, LINA BENSMAN

ARON M. ZUCKERMAN, KENNETH S. BLAZEJEWSKI, MARK E. MCDONALD, F. JAMAL FULTON, PAUL V. IMPERATORE, CLAYTON SIMMONS, CHARLES W. ALLEN, JULIA L. PETTY, HELENA K. GRANNIS, SUSANNA E. PARKER, THOMAS S. KESSLER
RESIDENT PARTNERS

JUDITH KASSEL, PENELOPE L. CHRISTOPHOROU, BOAZ S. MORAG, HEIDE H. ILGENFRITZ, ANDREW WEAVER, CATHERINE S. GRIMM, JOHN V. HARRISON, MATTHEW BRIGHAM, EMILIO MINVIELLE, LAURA BAGARELLA, JONATHAN D.W. GIFFORD, DAVID W.S. YUDIN, KARA A. HAILEY, ANNA KOGAN, BRANDON M. HAMMER, BRIAN J. MORRIS, CARINA S. WALLANCE, ALEXANDER JANGHORBANI
RESIDENT COUNSEL

D: +1 212 225 2912
rmukhi@cgsh.com

August 24, 2023

**VIA ECF**

The Honorable Kenneth M. Karas
District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Darrell Gunn v. Edwin Ayala*, No. 20-CV-840 (KMK) (JCM)

Dear Judge Karas:

This firm is *pro bono* discovery counsel to Plaintiff Darrell Gunn. We write the Court in light of a forthcoming *pro se* application by Mr. Gunn seeking leave to amend the date of the alleged assault underlying his Section 1983 Complaint, and the potential impact on the discovery schedule set by the Court.[1] At a status conference earlier this week, Magistrate Judge McCarthy set a deadline of September 6, 2023 for Mr. Gunn to seek such leave.

We write this letter in advance of Mr. Gunn's application because Defendant's counsel and Judge McCarthy both indicated at the status conference that depositions should not be conducted prior to Your Honor's decision on the proposed amendment, although Judge McCarthy did not issue a formal discovery stay.[2] Given the current deadline for depositions of October 18, 2023, we seek direction from the Court that either: (1) depositions proceed as scheduled notwithstanding Mr. Gunn's forthcoming application; or (2) depositions formally be stayed pending the Court's decision on the forthcoming application, with a new discovery

---

[1] Mr. Gunn is filing the proposed amendment *pro se* with the assistance of the New York Legal Assistance Group ("NYLAG") as our *pro bono* representation is limited to discovery proceedings. Initially, the scope of Cleary's representation was to take and defend depositions. Our scope was recently expanded to include assistance with all aspects of any remaining discovery in the litigation. Plaintiff continues to proceed *pro se* with respect to other aspects of this action.

[2] On August 24, 2023, Defendant's counsel at the New York Attorney's General Office ("NYAG") confirmed by email that she maintains this position and cited Judge McCarthy's comments at the status conference.

Hon. Kenneth M. Karas, p. 2

schedule to be issued following that decision. The Court had previously extended the deposition deadline and stated that "there will be no further such extensions." ECF No. 65.

**Background.** On January 30, 2020, Mr. Gunn filed a *pro se* Section 1983 complaint (ECF No. 2, the "Complaint"), which alleged that Correction Officer Edwin Ayala assaulted him on September 11, 2018, while Mr. Gunn was a patient at Montefiore Mount Vernon Hospital ("Montefiore"). *See* Complaint at Preliminary Statement, p. 1. On February 10, 2022, prior to the production of any documents, NYAG deposed Mr. Gunn, during which Mr. Gunn also stated that he believed the date of the incident was September 11, 2018. *See* Gunn Dep. 35:16-36:6.

The week after, on February 18, 2022, Defendant made his first document production of nearly 1,000 pages. The documents included certain health provider progress notes from the Department of Corrections and Community Supervision ("DOCCS"), Division of Health Services, as well as documents relating to Mr. Gunn's stays as a patient at Montefiore in both September 2018 *and* eleven months earlier, in October 2017. We understand that Mr. Gunn did not have access to these records at the time he filed the Complaint or prior to being deposed.

In June 2023, Cleary Gottlieb Steen & Hamilton LLP ("Cleary") was retained as limited *pro bono* counsel to Mr. Gunn. As noted, on June 30, 2023, Your Honor granted Plaintiff's request (with Defendant's consent) to extend the deadline for depositions until October 18, 2023, as well as the remaining discovery deadlines, stating that "there will be no further such extensions." ECF No. 65.

In July 2023, Cleary received most of the Defendant's prior document production (after previously receiving a small number of documents), including the medical records mentioned above from both October 2017 and September 2018. On August 10, 2023, Defendant made a further production that included additional medical records from Montefiore, including additional records from October 2017 and September 2018. Following investigation into potential deponents, Cleary served several subpoenas in the past weeks noticing depositions to begin in early September so that they could be completed by October 18.

**Mr. Gunn's Forthcoming Motion to Amend.** In preparation for depositions, including identifying potential deponents, Cleary reviewed Defendant's document productions with Mr. Gunn. During those preparations, Mr. Gunn's recollection was refreshed that the assault by Defendant was during Mr. Gunn's stay at Montefiore in October 2017, rather than in September 2018. This is corroborated by Defendant's document production, which we understand Mr. Gunn did *not* have access to at the time of the filing of his initial *pro se* Complaint. For example, on October 18, 2017, a Montefiore psychiatrist made a note to the record that Mr. Gunn wished to report an assault by a corrections officer. DEF 01125; *see* Complaint at ¶ 15. Further, records from DOCCS, dated October 23, 2017, state that Mr. Gunn had a bruise on his "L inner eye" and that he reported that "'the CO punched me in the eye.'" DEF 00920; *see* Complaint at ¶¶ 12, 16.

Once Cleary confirmed Mr. Gunn's current recollection of the date of the incident as October 2017, Cleary promptly notified NYAG by email on August 8, 2023, and notified NYAG of Mr. Gunn's intent to amend the Complaint during a meet and confer on August 11, 2023. NYAG did not state at that time that it opposed any amendment or depositions moving forward.

Hon. Kenneth M. Karas, p. 3

***The August 21 Status Conference.*** On August 21, after we had raised the potential amendment with Defense counsel and had noticed several depositions to begin in the coming weeks, the parties had a status conference before Judge McCarthy. During the conference, Cleary and Mr. Gunn previewed the amendment issue. NYAG then indicated for the first time its intent to oppose amendment and its belief that no depositions should take place in the interim. Judge McCarthy indicated she agreed that no depositions should take place at this time, stating, in sum and substance, that the Defendant would be prejudiced in having to defend depositions without knowing if the date of the underlying incident would be amended. Judge McCarthy set a September 6, 2023 deadline for any proposed amendment.

***Relief Requested.*** *First,* we seek an order from Your Honor directing that depositions proceed as planned and that NYAG cooperate in scheduling all depositions by October 18. While Mr. Gunn has yet to file his proposed amendment, we believe it is very likely to be granted—among other factors, he filed the original Complaint *pro se* and his error in the date of the incident was understandable, given his two stays at Montefiore and his lack of access to documents when filing *pro se*. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (the "relaxed standard" of Rule 15(a) "applies with particular force to *pro se* litigants"); *Ramirez v. Bernstein*, 2020 WL 7230729, at *3 (S.D.N.Y. Dec. 7, 2020) (leave to amend to re-assert claims against dismissed defendant after *pro bono* counsel was appointed, even where discovery was "nearly completed" with respect to certain claims); *In re Pfizer Inc. Sec. Litig.*, 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012) ("Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery."); *Espaillat v. Rite Aid Corp.*, 2003 WL 721566, at *5 (S.D.N.Y. Mar. 3, 2003) (leave to amend where "[t]he amendment is merely intended to correct a mistake or misnomer" and "[t]he amended complaint is based on the same conduct as the original complaint").

We also respectfully disagree that NYAG would be prejudiced if depositions were to proceed at this time. We believe the amendment is likely to be granted, and counsel for Defendant is aware of the new alleged date in sufficient time to prepare for depositions.[3] Indeed, NYAG has already produced, and had access to, documents relating to Mr. Gunn's stay at Montefiore in October 2017. We also understand that NYAG has already begun searching for a discrete number of additional documents relating to the October 2017 incident, as well as the identity of certain corrections officers who may have interacted with Mr. Gunn around the time of the incident. Such searches can presumably be completed by early September, when depositions are noticed to begin.

*Second,* in the alternative, if Your Honor is inclined to agree that depositions should not move forward, we request that depositions formally be stayed pending the Court's decision on the proposed amendment, with a new discovery schedule to be issued following the decision. This would prevent Mr. Gunn from being prejudiced in the event that there is insufficient time to complete depositions in between the Court's ruling on the motion and the current October 18, 2023 deadline to complete depositions. In the event the motion for leave to amend is denied, the parties could also update the Court on the proposed next steps and schedule.

---

[3] Since Plaintiff filed his Complaint within three years of the new alleged date, there is also no limitations issue. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).

Hon. Kenneth M. Karas, p. 4

Defendant is to respond to this letter by 8/31/23.

So Ordered.

8/25/23

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Rahul Mukhi
    Rahul Mukhi
    Katie L. Gonzalez
    Michael Cinnamon
    Chihiro Isozaki
    Caroline Soussloff

One Liberty Plaza
New York, NY 10006
T: 212 225 2000

*Limited Pro Bono Counsel for Plaintiff*

cc: Counsel of Record (By ECF)