

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

**DIRECT DIAL: (212) 416-8105**

August 31, 2023

**BY ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601

Re: *Gunn v. Ayala*, 20 Civ. 840 (KMK) (JCM)

Dear Judge Karas:

This Office represents defendant Edwin Ayala ("Defendant") in the above-captioned action. Pursuant to the Court's August 25, 2023 Order, (ECF No. 72), Defendant writes in opposition to Plaintiff's Letter Motion for Discovery (ECF Nos. 71, 72). Plaintiff's application should be denied, as it would prejudice Defendant and greatly affect both the scope of discovery and his defense.

### A. Background

Plaintiff filed the current and operative Complaint on January 30, 2020, raising allegations against Defendant for an incident that allegedly occurred on September 11, 2018. (ECF No. 2, Preliminary Statement). Defendant filed his motion to dismiss on July 13, 2021 (ECF No. 19), and in an Opinion and Order dated December 1, 2021, the Court dismissed Plaintiff's claims for money damages against Defendant in his official capacity, Plaintiff's claims for injunctive and declaratory relief against Defendant in his official capacity, and Plaintiff's state law claims. (ECF No. 23). The Court also ordered the parties to engage in limited discovery on the issue of non-exhaustion.

Following limited discovery, Defendant filed his motion for summary judgment on the limited issue of non-exhaustion on May 16, 2022. (ECF No. 38). On March 28, 2023, the Court issued an Opinion and Order denying Defendant's summary judgment motion. (ECF No. 53). Subsequent to the denial, the Court entered a Case Management and Scheduling Order and referred the case to Magistrate Judge Judith McCarthy. On June 16, 2023, Cleary, Gottlieb, Steen & Hamilton, LLP (hereinafter, "Cleary") filed a Notice of Limited Appearance of Pro Bono Counsel on behalf of Plaintiff for the limited purpose of conducting depositions. On June 30, 2023, Cleary filed a letter motion requesting that discovery be extended, which the Court granted with no further extensions. (ECF No. 65).

Page 2

In an email sent on August 8, 2023, and during a meet and confer on August 11, 2023, Cleary stated that, after three and a half years of litigation, the date alleged in the Complaint was likely incorrect, and may have taken place on an entirely different date almost a year earlier — October, 2017. Out of courtesy, the undersigned agreed to inquire with the facility and provided the full names of two doctors who treated Plaintiff in October, 2017. At no point was Mr. Gunn's intention to amend his Complaint mentioned or discussed. On August 17, 2023, Cleary filed Notices of Limited Appearance of Pro Bono Counsel expanding their scope of representation to also include any remaining discovery.

During an August 21, 2023 telephone status conference held in front of Magistrate Judge McCarthy, Cleary indicated, for the first time, that Plaintiff intended to file an amended complaint, altering the date of his allegations by approximately one year. The undersigned objected on the grounds that any amendment, let alone an amendment substantially altering the date of the allegations, filed nearly *four years* after filing the action and *six years* after the alleged incident, would strongly prejudice Defendant. Not only would such a filing greatly expand the scope of discovery, but it would also affect Defendant's defense. Based on these prejudices, Magistrate Judge McCarthy agreed with Defendant's position that no depositions should go forward until after Your Honor rules on the permissibility of Plaintiff's anticipated application to amend, due by September 6, 2023.

## B. Argument

Plaintiff's application that depositions proceed while his anticipated motion to amend is pending should be denied. As argued below, allowing depositions to proceed until Plaintiff's anticipated application is decided would strongly prejudice Defendant and greatly expand the scope of discovery.

First, Defendant has the right to know the date of the allegations against him. This knowledge is not only integral to preparing a viable defense: it defines the entire scope of discovery. Here, Plaintiff's anticipated alternative date of allegations against Defendant differs by almost an entire year. Unlike a minor amendment, altering the claims by hours or days, the anticipated new incident date of Plaintiff's impending application differs so greatly from his current Complaint that it renders the operative Complaint nearly meaningless. Accordingly, in light of Plaintiff's anticipated motion, there is no "operative complaint" in which to frame discovery. (See Kirschner as Trustee of Millennium Lender Claim Trust v. J.P. Morgan Chase Bank, N.A. 2020 WL 4671577, *2 (S.D.N.Y. Aug. 12, 2020) (good cause to stay discovery pending the ruling on the Motion for Leave to amend the complaint)).

Next, Defendant will be prejudiced because he will not know what, if any, documents or information will be discovered should Plaintiff's application be granted. Although the undersigned recently requested documents related to a date identified by Plaintiff, no documents have yet been received. As such, Defendant cannot go forward with depositions without knowing what the scope of the discovery in the case will be. See McFadden v. Annucci, No. 16 Civ. 6105, 2022 WL 17126109, *4 (W.D.N.Y. Nov. 22, 2022) ("Because the determination of the motion to amend may

Page 3

affect the scope of discovery, the Court will stay the non-expired deadlines…pending determination on the motion."). Correspondingly, Plaintiff's argument that Defendant would not be prejudiced because the "new alleged date is sufficient time to prepare for depositions" rings hollow. (ECF No. 71). Plaintiff's newfound desire for expediency is especially hollow given that Plaintiff waited *nearly four years* to allege this new date. Regardless, Defendant is not arguing that there is insufficient time to prepare for depositions. Defendant is arguing that depositions cannot proceed without knowing what the actual scope of discovery will be, thus denying him the ability to adequately prepare for depositions and prep his defense.

Third, proceeding with the depositions while an application to amend is pending is inefficient and could lead to parties incurring undue expenses. For instance, if the depositions proceed and additional documents and information related to the newly alleged date are later discovered, those depositions would need to be re-conducted.

Finally, as Plaintiff's Counsel indicates, Defendant will strongly oppose any application to amend. (ECF No. 71). And while Counsel indicates that Defendant possessed several years' worth of medical records, part of which cover Plaintiff's "October 2017" timeframe, so has Plaintiff — for *over a year and a half.* Moreover, since Plaintiff has testified under oath that this alleged incident occurred in September, 2018 (See Plaintiff's Deposition Transcript, ECF No. 52, 36:3-6; 42: 16-21), and not once in the eighteen months that he's possessed the relevant medical records has Plaintiff indicated otherwise, there has been no need for Defendant to investigate alternative dates.

Accordingly, we respectfully request that Plaintiff's request be denied and that the Court stay any further depositions until a decision on Plaintiff's anticipated application is decided.

We thank the Court for its consideration in this matter.

> Depositions are stayed until the putative Motion to Amend is resolved. In the Court's view, neither side is prejudiced from calling a timeout on discovery until it is clear what the operative complaint will allege about the timing of the any alleged misconduct.
>
> So Ordered.
> /s/ 8/31/23

Respectfully submitted,

/s/ *Sarande Dedushi*
Sarande Dedushi
Assistant Attorney General
Sarande.Dedushi@ag.ny.gov

cc:  Darrell Gunn (DIN No. 3-B-2443) (by mail)
     (with copies of unpublished cases)

     Counsel of record (vias ECF)