UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRELL GUNN,<br>*Plaintiff*,<br>v.<br>EDWIN AYALA,<br>*Defendant*. | No. 20-CV-840 (KMK)<br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

Darrell Gunn ("Plaintiff") brought this Action against Edwin Ayala ("Defendant"), asserting claims under 42 U.S.C. § 1983. (*See* Compl. (Dkt. No. 2).) After trial, a jury returned a verdict against Plaintiff on June 18, 2025, and judgment was entered for Defendant on August 26, 2025. (*See* Judgment (Dkt. No. 160).) On September 12, 2025, pursuant to Federal Rule of Civil Procedure 54(d)(1), Defendant requested the Clerk of Court issue an order granting Defendant costs he incurred in defending the Action. (*See* Bill of Costs Notice of Taxation (Dkt. No. 164).) On October 2, 2025, the Clerk of Court taxed Defendant's costs against Plaintiff. (*See* Taxation of Costs (Dkt. No. 168).) On October 9, 2025, Plaintiff moved to vacate and review the Clerk's taxation of costs. (*See* Pl.'s Mot. to Review & Vacate Clerk's Taxation of Costs (the "Motion") (Dkt. No. 169); Pl.'s Mem. in Supp. of Mot. to Review & Vacate Clerk's Taxation of Costs ("Pl.'s Mem.") (Dkt. No. 170).) Defendant filed his opposition on October 23, 2025. (*See* Mem. in Opp'n re: Mot. to Review Clerk's Taxation of Costs ("Def.'s Mem.") (Dkt. No. 171).) Plaintiff replied on November 13, 2025. (*See* Reply Mem. in Supp. of Mot. to Review & Vacate Clerk's Taxation of Costs ("Reply") (Dkt. No. 175).)

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1] Rule 54(d) applies to *in forma pauperis* litigants as well as litigants able to pay a filing fee. 28 U.S.C. § 1915(f)(1). However, "[t]he decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court." *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir. 1995); *see also Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02-CV-9151, 2010 WL 1780950, at *1 (S.D.N.Y. May 4, 2010) ("[T]he district court has the authority to review, adjust, or deny an award of costs."). The Court "reviews the award de novo," *Balance Point Divorce Funding, LLC v. Scranton*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015), but "the losing party has the burden to show that costs should not be imposed," *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016).

In exercising its discretion, "[a] court need not award costs to the prevailing party if it finds that such an award would be inequitable." *Culp v. Zaccagnino*, No. 96-CV-3280, 2000 WL 35861, at *1 (S.D.N.Y. Jan. 18, 2000). To assess "whether an award of costs would be inequitable," the Court may consider "plaintiff's indigence or financial hardship and plaintiff's good faith in bringing the action." *Id.*; *see also Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 174–75 (E.D.N.Y. 2010) ("[T]he district court has the discretion to deny costs . . . if equitable considerations warrant . . . because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources. . . . [T]he

---

[1] "[C]osts" includes only specified items listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987*); accord United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996).

court may consider other equitable considerations that are available in a particular case." (quotation marks and citation omitted)).

Plaintiff argues the Court should not tax costs against him because of his indigent status and his good faith in bringing his claims. (*See* Pl.'s Mem. 2–4.) "As a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270. Plaintiff has proven his indigency. He filed this action *pro se* and has proceeded *in forma pauperis*. Plaintiff has no assets beyond his Inmate Account balance, which was $20 as of the time he filed his Reply, and he earns $0.38 an hour. (*See* Pl.'s Decl. ¶¶ 2, 5–8 (Dkt. No. 176).) Although indigency does not automatically entitle Plaintiff to have this Court vacate the bill of costs, a sum of $2,737.49—or even much less—"would be virtually impossible for him to pay," which is a factor in his favor. *Culp*, 2000 WL 35861, at *2 (vacating award of costs for prisoner plaintiff proceeding *in forma pauperis* because it would be "inequitable to require plaintiff to pay defendants' costs" and plaintiff's claim was not brought in bad faith); *see also Portillo v. Webb*, No. 16-CV-4731, 2024 WL 1621066, at *2 (S.D.N.Y. Apr. 15, 2024) (vacating the award of costs because of plaintiff's lack of bad faith and inability to pay when his assets were $128.20, earning less than three dollars per week) (collecting cases).

Moreover, while "good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs," it is also a factor in Plaintiff's favor that the Court does not find his claims were brought in bad faith. *Whitfield*, 241 F.3d at 272–73. Defendant asserts the claims were brought in bad faith because Plaintiff amended his Complaint to change the date of the incident that was the basis for his claims and sought additional discovery thereafter, and because Plaintiff lost at trial after a short deliberation. (*See* Def's Mem. 5–6.) Plaintiff asserts

he amended the Complaint due to his confusion between two hunger strikes Plaintiff participated in at Sing Sing at different times. (*See* Reply 4.) The Court does not view Plaintiff's confusion of two similar incidents and his discovery requests after the confusion was resolved as establishing bad faith. And *losing* a case does not mean the case was brought in bad faith. *See Bar-Mashiah v. Inc. Village of Hewlett Bay Park*, No. 18-CV-4633, 2019 WL 4247593, at *14 (E.D.N.Y. Sept. 6, 2019) ("While it is true that bad faith can be inferred when a plaintiff's claims are entirely baseless, the mere fact that a plaintiff ultimately did not succeed in its . . . claims does not dictate an inference of bad faith." (citations and quotation marks omitted)).

Accordingly, considering Plaintiff's indigence and lack of demonstrated bad faith in bringing his claims, the Court finds an award of costs would be inequitable, and vacates the Clerk's bill of costs in its entirety. *See Vidal v. Lampon*, No. 16-CV-5006, 2019 WL 10270262, at *2 (S.D.N.Y. Aug. 15, 2019) ("[C]onsidering [the p]laintiff's financial circumstances and the fact that he brought this litigation in good faith, the Court concludes that it would be inequitable to require [the p]laintiff to pay [the d]efendants' costs."); *Karmel v. City of New York*, No. 00-CV-9063, 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008) ("None of these factors by itself would lead the Court to conclude [costs] were improperly taxed . . . but when these factors are considered together . . . the Court is convinced that requiring [the p]laintiff to pay [those costs] would be inequitable."). The Clerk of the Court is respectfully directed to vacate the taxation of costs (Dkt. No. 168) and terminate the pending Motion (Dkt. No. 169).

SO ORDERED.

Dated: September 25, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge